**IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 14-21181 |
| RIVERHOUNDS ACQUISITION GROUP, L.P., ) | |
| ) | |
| Debtor. ) | |
| ) | Chapter 11 |
| ) | Hearing Date: March 31, 2014 |
| ) | Related to Document No.: 14-21180 |
| _____ ) | |

**OBJECTION TO EMERGENCY MOTION FOR AN INTERIM ORDER
AUTHORIZING DEBTOR-IN-POSSESSION FINANCING AND GRANTING OF LIEN
AND PRORIORITY ADMINISTRATIVE EXPENSE PURSUANT TO SECTION 364(c)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001(c)**

AND NOW, come David M. Wilke, Greentree Sportsplex, LP, Wilke & Associates, LLP, and DW & BW, Inc., by and through their undersigned counsel, Sherrard, German & Kelly, P.C., and file this Objection to the Emergency Motion for an Interim Order Authorizing Debtor-in-Possession Financing and Granting of Lien and Priority Administrative Expense Pursuant to Section 364(c) of the Bankruptcy Code and Bankruptcy Rule 4001(c) ("DIP Motion"), objecting as follows:

**BACKGROUND**

1. Terrance C. ("Tuffy") Shallenberger, Jr. ("Shallenberger") purports to own 51% of the limited partnership interest in Debtor, Riverhounds Acquisition Group, LP ("RAG").

2. Shallenberger likewise purports to own 51% of Riverhounds Acquisition Group Management, LLC ("RAGM").

3. On or around August 5, 2013, Shallenberger, in exchange for a majority interest position in REC, committed to immediately seek Four Million Six Hundred Thousand Dollars ($4.6 million) in new credit facilities for REC - and to "provide collateral as security for payment

of [such] indebtedness…" (See Partnership Interest Agreement dated August 5, 2013, attached hereto as Exhibit A).   Shallenberger never obtained the $4.6 million in new credit facilities for REC.

4. REC was offered such indebtedness and Shallenberger never obtained the $4.6 million in new credit facilities for REC because Shallenberger refused to provide the requisite collateral as security for such indebtedness.

5. Despite having failed to obtain the $4.6 million in new credit facilities for REC, Shallenberger has averred in these proceedings, and holds himself out as, the 51% owner of REC.

6. As a direct result of Shallenberger's (a) failure to obtain the $4.6 million in new credit facilities for REC, and (b) provide the collateral and security therefore, both REC and RAG became unable to service its debt or pay its creditors.

7. Despite having breached his contractual commitment to REC, Shallenberger, and/or his solely-owned investment company, Shallenberger Investments, LLC, now seek permission from this Court to loan RAG a sum of $358,439.00 (the "DIP Loan") in order to pay costs of general administration of this case as well as ongoing related expenses of the Debtor as set forth in the Budget attached to the DIP Motion.

8. Despite having defaulted on a pre-petition contractual commitment to REC to obtain significant funding with his personal collateral (all in exchange for his ownership interest in REC), Shallenberger, through offering the DIP Loan to REC, now seeks, *inter alia*, to put himself in first position as to RAG assets, obtain greater control over RAG, and secure a higher interest rate and fees relative to the proposed DIP Loan.

9. The DIP Loan proposed in RAG's Dip Motion was not extended in good faith under the Bankruptcy Code at § 364(e), as Shallenberger, after defaulting on his contractual commitments to REC and causing the current financial situation for REC, now seeks preferential treatment for a $358,439.00 investment that could have been, and should have been, infused into REC and/or RAG prior to this bankruptcy filing.

10. Based on both his interest and as his unclean hands relative to the Partnership Interest Agreement at Exhibit A, Shallenberger, as purported majority owner of REC and RAG, and as an admitted unsecured creditor of both REC and RAG, ought not to obtain special treatment and priority over all of the other unsecured creditors in this action.

## **RELIEF REQUESTED**

11. For the foregoing reasons, David M. Wilke, Greentree Sportsplex, LP, Wilke & Associates, LLP, and DW & BW, Inc. respectfully request that this Court deny the Emergency Motion for an Interim Order Authorizing DIP Financing to RAG.

12. It is further requested that the Debtor's request for a lien and priority administrative expense be denied.

WHEREFORE, David M. Wilke, Greentree Sportsplex, LP, Wilke & Associates, LLP, and DW & BW, Inc., respectfully request that this Court deny the Emergency DIP Motion and prohibit the Debtor from entering into new favorable contractual relationships with Shallenberger Investments, LLC including, but not limited to, extending the DIP Loan to RAG for prior obligations of Shallenberger.

WHEREFORE, David M. Wilke, Greentree Sportsplex, LP, Wilke & Associates, LLP, and DW & BW, Inc., respectfully request that this Court deny the Emergency DIP Motion and prohibit Shallenberger Investments, LLC from extending the DIP Loan to RAG.

March 31, 2014                                          Respectfully submitted,

                                                            SHERRARD, GERMAN & KELLY, P.C.

                                                            By:     */s/ Beverly A. Block*
                                                            Stanley J. Lehman, Esquire
                                                            P.A. ID 31455
                                                           Beverly A. Block, Esquire
                                                           P.A. ID 93406
                                                           Gary Philip Nelson, Esquire
                                                           P.A. ID 27603
                                                           28th Floor, Two PNC Plaza
                                                           Pittsburgh, PA 15222
                                                           412-355-0200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Objection to the Emergency Motion for an Interim Order Authorizing Debtor-in-Possession Financing and Granting of Lien and Priority Administrative Expense Pursuant to Section 364(c) of the Bankruptcy Code and Bankruptcy Rule 4001(c), was served upon the following counsel for Debtors and the Office of the United States Trustee, by email and electronic filing this March 31, 2014.

John M. Steiner, Esquire
Crystal H. Thornton-Illar, Esquire
Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Email: bankruptcy@leechtishman.com
Email: cThornton-Illar@leechtishman.com

Heather A. Sprague, Esquire
Office of the United States Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA 15222
Email: Heather.Sprague@usdoj.gov

*/s/ Beverly A. Block*

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 14-21181 |
| RIVERHOUNDS ACQUISITION GROUP, L.P., ) | |
| ) | |
| Debtor. ) | |
| ) | Chapter 11 |
| RIVERHOUNDS ACQUISITION GROUP, L.P., ) | |
| ) | Hearing Date: March 31, 2014 |
| Movant, ) | |
| ) | Related to Document No.: 14-21180 |
| v. ) | |
| ) | |
| FIRST NATIONAL BANK OF ) | |
| PENNSYLVANIA, AND URBAN ) | |
| REDEVELOPMENT AUTHORITY OF ) | |
| PITTSBURGH AND PITTSBURGH URBAN ) | |
| INITIATIVES SUB-CDE 3, LP ) | |
| _____ ) | |

**ORDER DENYING EMERGENCY MOTION FOR AN INTERIM ORDER
AUTHORIZING DEBTOR-IN-POSSESSION FINANCING AND GRANTING OF LIEN
AND PRORIORITY ADMINISTRATIVE EXPENSE PURSUANT TO SECTION 364(c)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001(c)**

AND NOW, this ___ day of _____, 2014, upon consideration of the Emergency Motion for an Interim Order Authorizing Debtor-in-Possession Financing and Granting of Lien and Priority Administrative Expense Pursuant to Section 364(c) of the Bankruptcy Code and Bankruptcy Rule 4001(c), filed by Debtor, Riverhounds Acquisition Group, LP., it is:

ORDERED, ADJUDGED, and DECREED that the Emergency Motion is denied, without prejudice to other and additional relief.

BY THE COURT:

Dated: _____            _____